IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LENNIL L. JOHNSON, DEMARCO McDONALD, JAMES CARTER, LARRY STEVENSON, ALONZO HOFFMAN, VERNARD HARRIS, and DEANDRELL DAVIS,** ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| vs. ) ) | CIVIL NO. 09-433-GPM |
| **MEARL JUSTUS,** *et al.***,** ) ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Seven inmates at St. Clair County Jail jointly filed this action. With their complaint, they filed a motion seeking leave to proceed with hand-drafted complaint (Doc. 15). In this District, pro se litigants are not required to file type-written materials, so this motion is **GRANTED**. Plaintiffs present three distinct claims in their complaint. In paragraphs 2 and 3, they list the deficiencies involving legal materials at the jail. In paragraphs 4 and 5, they discuss the inadequate exercise facilities. Finally, in paragraphs 6 and 7, they complain about general conditions of confinement at the jail. These three claims are discussed below.

After receiving their complaint, the Court advised Plaintiffs of the perils of multi-inmate litigation within the Seventh Circuit (*see* Doc. 18) and gave them each the opportunity to withdraw from this action. The copies of that Order mailed to three of the plaintiffs (Alonzo Hoffman, Vernard Harris, and Deandrell Davis) were returned to the Clerk of Court as undeliverable, as those

men are no longer confined at St. Clair County Jail. The Court has received no communication from any of the three since the action was first filed, which indicates to the Court that they do not wish to prosecute this action. Therefore, the Court **DISMISSES with prejudice** the claims brought by Plaintiffs Hoffman, Harris, and Davis. The motions filed by those Plaintiffs (Docs. 8, 9, 10, 11, 14) are **DENIED as moot**.

Lead plaintiff Lennil Johnson sagely responded to the advisory, notifying the Court that he wishes to withdraw from this action (*see* Doc. 19). Withdrawal from the action is his right under Federal Rule of Civil Procedure 41. Therefore, the Court **DISMISSES without prejudice** the claims brought by Plaintiff Johnson. The motions filed by Johnson (Docs. 2, 3, 16) are **DENIED as moot**.

The three remaining Plaintiffs, Demarco McDonald, James Carter, and Larry Stevenson, have been granted leave to proceed *in forma pauperis*. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### LEGAL MATERIALS

Plaintiffs allege that from May 2008 through May 2009, they collectively filed numerous grievances about the inadequacy of the law library at St. Clair County Jail. These grievances ran the gamut from materials available in the library to lack of assistance from people trained in the law, as well as the scarcity of materials such as typewriters, computers, paper, writing implements, and other assorted office supplies. These grievances were sent, collectively, to "the defendants/respondents," but Plaintiffs were dissatisfied with the responses (or lack thereof) they received from Defendants. Thus, they assert that they suffered a deprivation of their constitutional rights.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

In this case, Plaintiffs make absolutely no allegations that even one of them has been unable to pursue any sort of legal action due to the alleged shortcomings of the law library at St. Clair County Jail. Thus, they have failed to state a claim upon which relief may be granted, and this claim is dismissed with prejudice from this action.

### **E**XERCISE

Plaintiffs' second claim mirrors their first in style – numerous grievances presented over a year to Defendants, collectively, who failed to provide an adequate response or remedy. Instead of the law library, though, they complain that they do not have adequate daily exercise (no treadmills or weight systems), nor do they have adequate "strenuous work-out clothing articles" such as sweat pants and gym shoes.

The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened." *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d at 1236; *see also Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001).

From the complaint, it is clear that Plaintiffs have not been deprived of all exercise. Rather, they believe they are entitled to be provided with the amenities of a health club while in jail. This belief simply is not supported by the case law. Plaintiffs may not have access to treadmills or weight equipment, but they still can exercise by jogging in place, doing jumping jacks, push-ups, sit-ups, and other calisthenics that do not require specialized equipment. Moreover, they make no allegation that any one of them has suffered any physical detriment due to the lack of a well-equipped gymnasium at the jail.

Consequently, they have failed to state a claim upon which relief may be granted, and their claim regarding exercise facilities is dismissed.

### GENERAL CONDITIONS

Plaintiffs' final claim is that they filed numerous grievances regarding the general conditions of cleanliness and sanitation at the jail, to no avail.  Specifically, they complained about insects and mice, insufficiency of medical screening of new detainees, infrequency of laundry service, graffiti on the walls, inadequate ventilation, and inadequate plumbing.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective element – establishing a defendant's culpable state of mind.  *Id.*

In this claim, as with the prior two, Plaintiffs make no allegation that even one of them has suffered any physical harm due to the conditions at the jail.  Moreover, they make no allegation against any specific defendant to suggest that even one of the defendants acted, or failed to act, with the requisite mental intent required to sustain an Eighth Amendment claim.

Accordingly, they have failed to state a claim upon which relief may be granted, and this claim is dismissed.

### SUMMARY

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED with prejudice**, and all remaining motions are **DENIED as moot**.[1]  Plaintiffs

---

[1] Plaintiff Johnson recently filed an amended motion for appointment of counsel (Doc. 24); however, it does not appear that he filed the motion in the proper case.  In any event, the motion is denied as moot.

Demarco McDonald, James Carter, Larry Stevenson, Alonzo Hoffman, Vernard Harris, and Deandrell Davis are **advised** that the dismissal of this action will count as one of their three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Because Plaintiff Johnson withdrew from the action, the dismissal will not count as a strike against him.

**IT IS SO ORDERED.**

DATED:  01/25/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge